BENNETT, APPELLANT, *v.* NEWBURY LOCAL BOARD OF EDUCATION ET AL., APPELLEES.

(No. 1118—Decided April 2, 1984.)

*Mr. D. Kevin O'Reilly,* for appellant.

*Mr. John C. Burkholder,* for appellees individual board members.

*Mr. Jerry Petersen,* for appellee board of education.

FORD, J. Appellant, Janet L. Bennett, was employed by the Newbury Local Board of Education as a second grade teacher at Newbury Elementary School prior to the spring of 1978, when appellant was granted disability retirement status.

Appellant is certified to teach grades one through eight. On August 12, 1981, the State Teachers Retirement System recommended termination of disability retirement benefits and conditioned that recommendation upon assignment to the second grade or lower. Appellant was informed by appellees that she would be assigned to teach sixth grade for the 1981-1982 school year, which assignment appellant refused to

accept. Thereafter, appellant filed suit in the Court of Common Pleas of Geauga County, Ohio against the Newbury Board of Education and the individual board members. The complaint requested reinstatement to appellant's previous position as a second grade teacher at Newbury Elementary School, and requested money damages.

The trial court granted summary judgment in favor of appellees. The court held that the action of appellees was proper because the requirement of R.C. 3307.44, that a disability retirant be returned to the position previously held or "a position and salary similar thereto," means any position for which the retirant is certified to teach. In the present case this would encompass grades one through eight. Appellant appeals from the order of the court of June 7, 1983, granting summary judgment in favor of appellees.

Appellant presents two assignments of error:

"1. The trial court erred as a matter of law in granting appellees' motion for summary judgment where there remained a genuine issue as to a material fact, which could lead reasonable minds to different conclusions.

"2. The trial court erred as a matter of law in construing that the words 'or to a position and salary similar thereto' as contained in Section 3307.44 O.R.C. means 'any position which the retirant is certified to teach as shown by the teaching certificate in effect at the time of retirement.' "

R.C. 3307.44 contains specific requirements to be met before a disability retirant resumes teaching. First, the retirant must be within the first five years of disability retirement. Second, the medical examiner must report and *certify* to the State Teachers Retirement System Board whether the retirant is mentally and physically capable of resuming service. Finally, the statute requires the board to *certify* to the retirant's last employer that she is capable of resuming service. Only after the certification is made must a retirant's employer assign her to a position similar to that from which she was retired.

The second and third requirements under R.C. 3307.44 were never satisfied. Neither the medical examiner nor the retirement system board made the appropriate certification. Appellant's letter of August 12, 1981 falls short of the statutory requirements. R.C. 3307.44 does not authorize such a conditional recommendation. Therefore, the conditional release is a nullity; and appellee is not yet required to reinstate appellant.

Appellant does not address the certification issue in her assignments of error. However, this error is exemplified in the letter of August 12, 1981, granting appellant a conditional release. R.C. 2505.21 grants this court the discretion to consider errors in the record which are not assigned or specified. Exercising this discretion, we reach the above conclusion.

In view of the retirement system board's failure to comply with R.C. 3307.44, appellant's claim was premature. Therefore, we need not address appellant's issue in regard to similar teaching assignments.

The decision of the lower court is reversed and remanded to the administrative level for proceedings in accordance with the above-noted statutory requirements.

*Judgment reversed and cause remanded.*

DAHLING, J., concurs.

COOK, P.J., concurs in judgment only.